# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

KEITH WOODS,

   Petitioner,

v.

ANTHONY HAYNES, Warden,

   Respondent.

CIVIL ACTION NO.: CV212-143

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Keith Woods ("Woods"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Woods' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Woods was convicted in the District Court for the Northern District of Alabama of: three (3) counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Woods was sentenced to 21 months' imprisonment on each controlled substance possession charge and on the felon in possession of a firearm charge, to be served concurrently with each other and with his

State of Alabama sentences, and to 60 months' imprisonment on the § 924(c)(1) conviction, to be served consecutively to all other sentences. (Doc. No. 6-1, pp. 2-3). Woods' projected release date is April 13, 2014, via good conduct time. (Doc. No. 6-10, p. 2).

In this petition, Woods contends that the Bureau of Prisons ("BOP") has failed to give him credit against his federal sentence from October 11, 2007, through June 19, 2008. Woods also contends that the sentencing judge ordered that he was to receive this credit. Respondent asserts that Woods has been given all of the credit to which he is entitled.

## DISCUSSION AND CITATION TO AUTHORITY

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). 18 U.S.C. § 3585, which deals with "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act of 1984. This statute provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> > (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (Emphasis added). In determining the proper credit, a two-part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Here, Woods' federal sentence began on June 19, 2008, the date his federal sentence was imposed. Next, it must be determined what credit is due for time served prior to the commencement of Woods' federal sentence.

The court must begin with the plain language of the statute itself. Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."). Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

Woods was arrested by local authorities in Alabama on March 27, 2007, based on alleged state probation violations. Woods' state probation was revoked on August 14, 2007, and he was sentenced to concurrent sentences of four and five years' imprisonment. (Doc. No. 6-3, p. 2). On September 27, 2007, a writ of habeas corpus *ad prosequendum* was issued, and Woods was taken into federal custody, pursuant to this

3

writ, on October 11, 2007. (Doc. No. 1, p. 6). Woods' state sentences were completed on May 27, 2008. (Doc. No. 6, p. 7). Woods was sentenced in federal court on June 19, 2008. Thus, the Court must determine whether Woods is entitled to credit against his federal sentence from October 11, 2007, until June 18, 2008, the day before Woods was sentenced in federal court.

"'[I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.'" Powell v. Jordan, 159 F. App'x. 97, 99-100 (11th Cir. 2005) (quoting Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)). "A writ of habeas corpus *ad prosequendum* is only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Civiletti, 621 F.2d at 693. Woods was only "on loan" to federal authorities between October 11, 2007, and May 27, 2008, the date his state incarceration period ended.[1] (Doc. No. 6-9). Woods, however, did receive credit against his federal sentence from May 28, 2008, until June 18, 2008, as he was in custody solely on the federal writ. (Doc. No. 6-20, p. 4). Woods is not entitled to credit against his federal sentence for the time period beginning October 11, 2007, through May 27, 2008, as he received credit for this time on his state sentence. See 18 U.S.C. § 3585(b)(2).

To the extent Woods asserts that the sentencing judge in his federal proceedings ordered that he receive credit against his federal sentence from October 11, 2007, until June 19, 2008, such a claim must fail. First, neither the transcript excerpts Woods

---

[1] Woods was paroled on May 27, 2008. Woods' state sentences were not fully discharged until May 5, 2009. (Doc. No. 6-9). However, as noted in the body of the Report, Woods was no longer incarcerated under the authority of the State of Alabama after May 27, 2008.

4

submitted (Doc. No. 1, Exh. B), nor the judgment in his federal case supports this assertion. (Doc. No. 1, Exh. A; Doc. No. 6-1). In addition, a district court judge cannot direct that a defendant be entitled to presentence credit, as that is the responsibility of the BOP. Bradley v. Rathman, No. 1:10-cv-3053, 2012 WL 3999861, at *2 (N.D. Ala. Aug. 20, 2012) (citing United States v. Wilson, 503 U.S. 329, 333-34 (1992)).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Woods' petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 30th day of October, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)